IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-30837
Summary Calendar
_____

E.N. BISSO & SON, INC.;
BISSO OFFSHORE, LLC,

                                        Plaintiffs-Appellees,

versus

TRINITY MARINE GROUP, INC.;
HALTER MARINE, INC.;
HALTER MARINE GROUP, INC.,

                                        Defendants-Appellants.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans
USDC No. 99-CV-1225-B
_____
December 27, 2000

Before JOLLY, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     The defendants, Halter Marine, Inc., et. al. ("Halter"), appeals the denial of their request for assessment of costs against the plaintiff, E.N. Bisso & Son, Inc. ("Bisso"), pursuant to Federal Rule of Civil Procedure 68.  Bisso initially filed suit against Halter seeking damages for breach of contract.  Prior to trial, Halter extended an Offer of Judgment to Bisso for $14,000.

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bisso rejected the offer. After a trial before the district court, judgment was entered fully in favor of the defendant. In its judgment of March 27, 2000, the court ordered each party to bear its own costs. Halter's Rule 68 motion for costs against Bisso was thereafter denied.

Because Supreme Court precedent and Fifth Circuit case law clearly establish that a Rule 68 assessment of costs pursuant to a rejected Offer of Judgment applies "only to judgments obtained by the plaintiff," and because the plaintiff Bisso obtained no judgment in this case, we affirm the district court's denial of Halter's Rule 68 motion. <u>Delta Air Lines, Inc. v. August</u>, 450 U.S. 346, 352, 101 S.Ct. 1146 (1981) (finding that Rule 68 was "simply inapplicable to this case because it was the defendant that obtained the judgment"). <u>See</u> <u>also</u> <u>Louisiana Power & Light Co. v. Kellstrom</u>, 50 F.3d 319, 333 (5th Cir. 1995) (noting that "[i]f a plaintiff takes nothing, however, Rule 68 does not apply").

Therefore, the judgment of the district court is

A F F I R M E D.